UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    )<br>    Plaintiff )<br>    )<br>v. )<br>    )<br>JERMAINE C. WHITSETT )<br>    )<br>    Defendant. ) | CASE NO. 1:05-CR-31 |

OPINION AND ORDER

This matter is before the court for resolution of sentencing issues raised by the Defendant, Jermaine C. Whitsett in his filing of March 3, 2006. The Government responded on March 13, 2006. In his filing, Whitsett seeks what is essentially a departure from the sentence prescribed by the United States Sentencing Guidelines (U.S.S.G) based upon the factors listed in 18 U.S.C. §3553(a) as applied to the individual circumstances of this case. As part of his submissions, he has filed a 5 page typewritten document entitled "The Life and Times of Jermaine Whitsett" as well as handwritten answers to specific questions posed to him by his own counsel. The court, after consideration of these filings in combination with the consideration of the factors in §3553(a) concludes that no departure from the presumptive guideline sentence in this particular case is appropriate.

Under *United States v. Booker,* 543 U.S. at 259-60 (2005), the sentencing guidelines are no longer a mandatory regime. Instead, the district court must take the advisory guidelines into account together with other sentencing factors enumerated in 18 U.S.C. § 3553(a). In fashioning an appropriate sentence, "[t]he Supreme Court's decision in *Booker* requires the sentencing judge first to compute the guidelines sentence just as he would have done before *Booker,* and then--because

*Booker* demoted the guidelines from mandatory to advisory status--to decide whether the guidelines sentence is the correct sentence to give the particular defendant." *United States v. Dean*, 414 F.3d 725, 727  (7th Cir. 2005).  In this case, after resolving objections to the presentence report, Whitsett's guidelines sentence is 46 to 57  months.

We turn next to whether a sentence within the guidelines range is the correct sentence to give Whitsett. *Id.*  On this issue,"any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005);  *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir.2005);  The Seventh Circuit has further advised that while the rebuttable presumption is a deferential standard, *Id.* (citing cases)*,* "it will be a rare Guidelines sentence that is unreasonable*." Id.*

Having been instructed, then, that a sentence within the  guidelines range is presumptively appropriate, Whitsett may still rebut this presumption" by demonstrating that his ... sentence is unreasonable when measured against the factors set forth in § 3553(a)." *Id.* (citing *Booker,* 125 S.Ct. at 766 (noting that the factors in § 3553(a) "will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable."); *United States v. Webb,* 403 F.3d 373, 383 (6th Cir.2005) ("[W]e may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.") (footnote omitted).  This is precisely what Whitsett  has attempted to accomplish through his argument that,  after consideration of the factors set forth in 18 U.S.C. § 3553(a), a non-Guidelines sentence is appropriate in this case.

Section 3553(a) of Title 18 of the United States Code instructs sentencing judges to "impose a sentence sufficient, but not greater than necessary to comply with the purposes of sentencing."

This section further instructs that courts, in determining the particular sentence to be imposed, should consider the several factors listed in § 3553(a) including the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1); the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, *id.* §3553(a)(2)(A)-(D); the sentencing range suggested by the Guidelines, *id.* § 3553(a)(4), and the need for sentencing uniformity for defendants with similar criminal histories and found guilty of similar conduct, *id.* § 3553(a)(6).

This court has given serious consideration to these factors and, in particular, to the history and characteristics of this defendant and the seriousness of the offense.[1] As for Whitsett's history, it simply does not place him in good stead for a non-guidelines sentence. Whitsett has repeatedly been charged and convicted of firearm and drug offenses and was most recently incarcerated for operating a vehicle while intoxicated. This demonstrates a likelihood of recidivism and a continual disregard of the law despite incarceration. Indeed, by his own admission in his filings, he has repeatedly violated the law despite having good intentions not to do so.

Moreover, a sentence within the guidelines range is necessary in this case to protect the public from further crimes of the defendant. Whitsett was intoxicated at the time of his arrest, possessed a firearm, ammunition and drugs – a dangerous combination which poses a significant

---

[1] The court notes that it is not required to discuss the application of the statutory factors to the defendant in a checklist fashion but may make a simple statement on the record or in writing of "the judge's reasons, consistent with section 3553(a), for thinking the sentence that he has selected is indeed appropriate for the particular defendant. *Dean,* 414 F.3d at 729 (citing cases). Indeed, "judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *United States v. George,* 403 F.3d 470, 472-73 (7th Cir.2005).

threat to the public if repeated.

Finally, Whitsett cites to the absence of his father from his life and his rough upbringing in a rough part of town to explain his repeatedly poor choices and legal troubles. He indicates that he, unlike his own father, would like to be present in the lives of his three children. This family history, while troublesome and disheartening, is unfortunately all too common in today's society. Because it is so common, it is not an "extraordinary circumstance" that warrants a departure from an otherwise properly calculated guideline sentence.

All of these factors leads the court to the conclusion that a guidelines sentence is appropriate in this case. The government notes in its responsive filing that is has agreed as part of the plea negotiations to recommend a low-end guideline sentence for Whitsett. The court believes that such a sentence is appropriate in this case and will thus, sentence Whitsett to the low-end of the applicable guideline range.

## **CONCLUSION**

Based on the foregoing, Defendant's request for a departure from the guidelines sentence is DENIED.

SO ORDERED.

This 20th day of March 2006.

s/William C. Lee
United States District Court
Northern District of Indiana